**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LOUIS R. MANN, ) | CASE NO. 4:21-CV-01781-SL |
| ) | |
| Petitioner, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | CARMEN E. HENDERSON |
| WARDEN JENNIFER GILLECE-BLACK, ) | |
| ) | |
| ) | REPORT & RECOMMENDATION |
| Respondent, ) | |

## I. Introduction

Petitioner, Louis Mann, an Ohio prisoner is currently serving two sentences of life imprisonment without parole for aggravated murder, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 15, 2021[1]. Respondent, Warden Jennifer Gillece-Black, has moved to dismiss Mann's petition as untimely and because Mann's claim is time-barred, procedurally defaulted, and meritless.[2] (ECF No. 9).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Mann's petition and other case-dispositive motions. Because Mann's petition was not filed within the one-year limitations period under 28

---

[1] Petitioner represents that he presented the instant petition to the prison mail staff for mailing on April 15, 2021. However, the Court finds this hard to believe as the instant petition was not received by the clerk's office for filing until September 16, 2021. Nevertheless, the date is immaterial as the petition is untimely even assuming it was presented to the prison mail staff on the date Petitioner claims. Therefore, the Court will deem the petition filed as of April 15, 2021.

[2] As the court finds that Mann's petition is untimely, the court need not address the Warden's procedural default or merit arguments.

U.S.C. § 2244(d)(1) and because Mann is not entitled to equitable tolling, I recommend that the Court GRANT Warden Gillece-Black's motion and dismiss the petition in its entirety.

## II.  Procedural History

### A.  State Conviction

On October 6, 2011, a Trumbull County, Ohio grand jury indicted Mann on one count aggravated murder with a specification for murdering two or more persons and with a specification for murdering during the course of an aggravated robbery, in violation of Ohio Rev. Code §§ 2903.01(B)&(F), 2941.14(C), 2929.04(A)(5), and 2929.04(A)(7) (Count 1), one count aggravated murder with specifications of aggravating circumstances and firearm specification, in violation of Ohio Rev. Code §§ 2903.01(B)&(F), 2941.14(C), 2929.04 (A)(5), 2929.04(A)(7), and 2941.145 (Count 2), and one count aggravated robbery with a firearm specification, in violation of Ohio Rev. Code §§ 2911.01(A)(1)&(3)&(C) and 2941.145 (Count 3). (ECF No. 9-1 at Ex. 1). On October 17, 2013, a jury found Mann guilty on all counts. (ECF No. 9-1 at Ex. 4). On November 26, 2013, the court conducted a sentencing hearing and, after finding that Count 3 merged for sentencing purposes with the underling offenses and specifications in Counts 1 and 2, sentenced Mann on Counts 1 and 2 to an aggregate sentence of two terms of life imprisonment without parole eligibility. (ECF No. 9-1 at Ex. 4). Judgment was entered on December 11, 2013. (*Id.*)

### B.  Delayed Appeal

On August 5, 2020, six years after judgment was entered, Mann, pro se, filed an untimely notice of appeal (ECF No. 9-1 at Ex. 5) and a motion for leave to file a delayed appeal (ECF No. 9-1 at Ex. 6) in the Ohio Court of Appeals. On September 28, 2020, the Ohio Court of Appeals found Mann's over six and one-half year delay in filing his direct appeal was not justified, overruled his motion, and dismissed his delayed appeal. (ECF No. 9-1 at Ex. 8).

### C. Delayed Appeal to the Ohio Supreme Court

On November 23, 2020, Mann, pro se, filed an untimely Notice of Appeal (ECF No. 9-1 at Ex. 9) and a Motion for Delayed Appeal (ECF No. 9-1 at Ex. 10) with the Ohio Supreme Court. On January 22, 2021, the Ohio Supreme Court denied Mann's motion for a delayed appeal and dismissed his appeal as untimely. (ECF No. 9-1 at Ex. 12).

### III. Federal Habeas Corpus Petition

On April 15, 2021, Mann, pro se, petitioned for a writ of habeas corpus from this court. (ECF No. 1). Mann's petition asserted the following ground for relief:

> **Ground One:** PETITIONER WAS DENIED DUE PROCESS OF LAW AND EFFECTIVE ASSISTNCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A TIMELY NOTICE OF APPEAL.
>
> **Supporting Facts:** The Petitioner submits that his trial counsel was ineffective in not filing a notice of appeal as requested by Petitioner. The Petitioner was coerced into waiving his appellate rights by way of his attorney stating that if he waived his right to appeal his conviction that the court would in turn waive all his court costs and fines. The trial court did not waive costs. Petitioner asserts that his counsel during trial coerced him into waiving his appeal rights knowing that he was under extreme duress. Furthermore, the Petitioner submits that his counsel had a duty to file a notice of appeal on his behalf when he was asked to do this in spite of the waiver.

(ECF No. 9). On March 22, 2022, Warden Gillece-Black moved to dismiss Mann's petition in its entirety as untimely, procedurally defaulted, and meritless. (ECF No. 9). Mann filed a response in opposition to the Warden's motion on August 23, 2022. (ECF No. 13).

### IV. Law and Analysis

#### A. Statute of Limitations under AEDPA

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The habeas one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under

Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413-14.

### B. Untimely Petition

The Warden argues that Mann's AEDPA statute of limitations began running on January 11, 2014—a day after his conviction became final because Mann's time to file a direct appeal to the Ohio Court of Appeals expired. (ECF No. 9 at 17). Thus, the Warden contends that the statute of limitations expired on January 11, 2015. (ECF No. 9 at 17). Mann argues that the statute of limitations began running on July 28, 2020—the date he allegedly learned of his appeal rights. (ECF No. 13 at 3).

The Court agrees with the Warden. Mann's judgment became final on January 10, 2014—when his time to file a direct appeal to the Ohio Court of Appeals expired. Ohio R. App. P. 4(A); (ECF No. 9-1 at 17). Thus, Mann's statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began on January 11, 2014 and expired on January 11, 2015—a year later. Mann filed the instant petition on April 15, 2021, over six years after the AEDPA statute of limitations expired.

The Court notes that under 28 U.S.C. § 2244(d)(1) the one-year statute of limitations begins to run from the latest time prescribed in the four subsections. Mann attempts to argue that the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) did not begin running until "the date on which the factual predicate of the claim or claims presented could have been discovered through

5

the exercise of due diligence." (ECF No. 13 at 3). Specifically, he argues that the factual predicate of his claim is he day he learned of his appeal rights and that he did not learn of his appeal rights until July 28, 2020.

As the State argued in opposition Mann's motion for delayed appeal and as he Ohio Court of Appeals noted, "the record belies [Mann's] claim." The sentencing entry specifically states:

> The Court further advised the Defendant of his right to appeal pursuant to Criminal Rule 32(8) and his right to have appellant counsel appointed pursuant to Criminal Rule 44.
>
> The Defendant, as well as counsel for the Defendant, on the record and in open court, advised the Court that the Defendant wished to waive his right to appeal. The Court then addressed counsel for the Defendant and further personally addressed and inquired of the Defendant, on the record and in open court, of the consequences of waiving those rights, and hereby finds that the Defendant has knowingly, intelligently, and voluntarily waived his right to appeal and to have counsel appointed for appellate purposes.

(ECF No. 9-1 at Exs. 4 & 8). Contrary to Mann's assertion, the record demonstrates that he was informed of and "knowingly, intelligently and voluntarily waived his right to appeal." (*See id*.) Moreover, Mann concedes—perhaps unknowingly—that he had knowledge of his appeal rights at the time his direct appeal was due. In his petition, Mann argues "his counsel had a duty to file a notice of appeal on his behalf when he was asked to do this in spite of the waiver." (ECF No. 9). Thus, Mann admits that he had knowledge of his rights and that he had waived his right to appeal. Seemingly Mann's argument is not that he was unaware of his appeal rights, but that his counsel failed to file a timely notice of appeal as allegedly requested. Assuming that is Mann's argument, Mann was aware his counsel did not file a notice of appeal when his notice of appeal was due. He certainly has not exercised due diligence in waiting over six years to file a notice of appeal and motion for delayed appeal. Thus, the Court finds the statute of limitations under 28 U.S.C. §

2244(d)(1)(D) does not apply here. Rather, under 28 U.S.C. § 2244(d)(1)(A), Mann's statute of limitations began on January 11, 2014 and expired on January 11, 2015.[3]

As the Court finds that Mann failed to exercise due diligence and he also fails to argue that some extraordinary circumstance stood in his way and prevented timely filing, Mann is not entitled to equitable tolling. *See Holland v. Florida*, 560 U.S 631, 649 (2010) (If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"). Accordingly, because Mann's petition is untimely and equitable tolling does not apply, I recommend that the Warden's motion to dismiss Mann's habeas petition as untimely be granted.

## V.     Certificate of Appealability

### A.  Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

---

[3] Mann's unsuccessful motion for a delayed appeal did not toll the statute of limitations because it was filed on August 5, 2020, after the limitations period had expired and it was not accepted by the court of appeals for review. *Jimenez*, 555 U.S. at 120; *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

### B. Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. As the Supreme Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. If the Court accepts my recommendations, Mann will not be able to show that the Court's conclusion that his petition was untimely under 28 U.S.C. § 2244(d)(1) is debatable. Thus, I recommend that a certificate of appealability not be issued.

### VI. Recommendation

Because Mann's petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because Mann is not entitled to equitable tolling, I recommend that the Court GRANT Warden Jennifer Gillece-Black's motion (ECF No. 9) to dismiss Mann's petition for writ of habeas corpus. I further recommend that Mann not be granted a certificate of appealability.

DATED: January 18, 2023

           *s/Carmen E. Henderson*
           Carmen E. Henderson
           United States Magistrate Judge

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).